J-A26034-23
J-A26035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTIN MARIE SMEDLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOSEPH SMEDLEY | : | |
| | : | |
| Appellant | : | No. 312 EDA 2023 |

Appeal from the Order Entered January 24, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2017-60541

| | | |
|---|---|---|
| KRISTIN MARIE SMEDLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOSEPH SMEDLEY | : | |
| | : | |
| Appellant | : | No. 328 EDA 2023 |

Appeal from the Order Entered January 24, 2023
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): 2017-DR-00472,
PACSES: 346116440

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 1, 2024**

Appellant, Michael Joseph Smedley ("Husband"), appeals *pro se* from the orders entered in the Bucks County Court of Common Pleas, Domestic Relations and Family Court Divisions, which denied his petitions to modify alimony and child support, to reconsider a prior support order, and for

J-A26034-23
J-A26035-23

contempt against Appellee Kristin Marie Smedley ("Wife").[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> Husband and Wife were married on June 13, 1997, in Bensalem, Pennsylvania.  Wife is fifty-two years old, currently resides at 252 Brownsburg Road,…and is employed at the Curing Retina Blindness Foundation for $30,000 per year.  Husband is fifty-seven years old, resides at 45 Boxwood Road,…and is employed at Veolia North America, LLC, for approximately $340,000 per year. Husband and Wife had three children during their marriage. Husband and Wife are Pennsylvania residents and were married for nineteen years before separating on October 8, 2016.  Wife filed for a divorce on March 24, 2017.  On August 31, 2018, the court approved the grounds for divorce and for the parties to proceed with resolving the equitable distribution, alimony, and counsel fees issues.
>
> On June 18, 2019, the court entered a divorce decree and order describing the equitable distribution and alimony while denying and dismissing the claim for an award of counsel fees, costs, and expenses.
>
> Amongst the assets distributed by that order and decree was the marital residence at 35 Sienna Circle, which was distributed to Wife, subject to an underlying mortgage.  The order and decree also provided that Husband was to pay Wife $2,955 in alimony per month through December 2022. A child support order was also in place.
>
> On August 6, 2020, through the court's domestic relations section, [the court] entered an order modifying Husband's amount in child support based on Husband's January 2020 and February 2020 bonuses.

---

[1] For purposes of disposition, we dispose of Husband's appeals at No. 312 EDA 2023 and No. 328 EDA 2023 together.  The trial court issued one opinion in this matter concerning both the family court and domestic relations cases. Additionally, Husband presents the same issues and substantially similar arguments in each appeal.

- 2 -

On October 21, 2022, through the court's domestic relations section, [the court] entered an [agreed upon] order modifying Husband's amount due in child support based on a recent determination of the parties' net incomes.

On October 31, 2022, Husband filed a petition to modify/terminate order of alimony. Husband requested that the October 21, 2022, order be vacated because Wife allegedly did not completely disclose her income, including the sale of her Sienna Circle property in 2021. Husband alleges that Wife made a profit of $238,000 on that sale because she incurred $672,000 in costs from the $910,000 sale. Husband further requested that the alimony be modified retroactive to April 2021, the month of the sale. The master's office denied this petition [on November 9, 2022].

On November 21, 2022, Husband filed a contempt petition against Wife. Husband alleged that he found out on October 31, 2022, that Wife failed to report $230,000 of realized capital gains from the 2021 sale of Wife's Sienna Circle property and that, as a result, Husband's amount due for child support should have been less. Husband further cited several incidents of Wife's alleged misinformation about her income and of Husband's during interactions with him and the court. Husband requested that the court find Wife lied about her income, order her to pay Husband $38,880 with penalties, sanctions, and interest as deemed by the court, and consider terminating child support early to decrease what Husband owes Wife.

On November 26, 2022, Husband filed a motion to reconsider [the master's denial of his] petition to modify alimony and child support. Husband reiterates that Wife concealed the alleged $230,000 capital gains made from her 2021 sale of her Sienna Circle property from the conference that led to an agreed modification of support on October 21, 2022, and that Wife provided misinformation about her income and Husband's during interactions with him and the court. Husband claims that, as a result, he made an overpayment of at least $32,880 in alimony or $2,740 per month for twelve months. Husband further claims that, as a result, he made an overpayment of $6,000 in child

- 3 -

support. Husband requests that the court reconsider and accept his October 31, 2022, petition to modify, vacate the [agreed upon] October 21, 2022, order, and schedule a conference and a hearing as needed to discuss the alleged misinformation.

On December 23, 2022, and January 23, 2023, the court held hearings to hear Husband's argument and evidence regarding his petition to modify, contempt petition, and motion to reconsider. During the first hearing, Husband did a direct examination of Wife, but it was continued due to [a] weather related early courthouse closure. During the second hearing, Husband finished his direct examination, Wife gave her testimony, and Husband cross-examined her. The second hearing concluded with both parties' closing arguments and the court's decision.

After hearing the parties' arguments and evidence,…[the court] found that Wife's testimony was credible, Wife was not obligated to report the sale of her Sienna Circle property because she incurred a loss instead of a gain on the sale, and Wife was not in contempt. [The court] also found that Husband is bound by the October 21, 2022, order which considered the Foundation lawsuit settlement he received as income because he admittedly agreed that it should be so considered.

(Trial Court Opinion, 3/15/23, at 2-3) (unnecessary capitalization omitted).

On January 24, 2023, the court entered orders in both the family court and domestic relations divisions denying Husband's contempt petition, his petitions to modify support and alimony, and his motion to reconsider. On January 30, 2023, Husband filed notices of appeal.[2] On January 31, 2023, the

---

[2] On February 24, 2023, this Court issued a rule to show cause concerning the appealability of the court's January 24, 2023 order. After Husband responded, this Court issued an order discharging the rule, which noted that the portion of the order denying the petition for reconsideration was not appealable, but

*(Footnote Continued Next Page)*

trial court ordered Husband to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Husband timely complied on February 17, 2023.

Husband raises the following issues on appeal:

1. Did the trial court err as a matter of law by not considering income from dealings in property in the calculation for support purposes? Including Monthly Gross Income as defined in 231 Pa.Code § 1910.16-2, net income from dealings in property as referenced in 231 Pa.Code § 1910.16-2(a), and Income as defined in 23 Pa.C.S. § 4302.

2. Did the trial court err by concluding that 35 Sienna Circle sold at a loss instead of a gain when considering the definition of gain in the PA Tax Guidelines and the associated defined terms adjusted cost basis and original cost?

3. Did the trial court fail to order a modification retroactive to a date preceding the date of filing as allowed under PA Title 231, Chapter 1910.17 after Husband was precluded from filing a petition to modify by reason of misrepresentation by Wife not communicating such income associated with the gain from the sale of her primary residence, and have such income considered, for support purposes.

4. Did the trial court fail to vacate the 10/21/2022 order due to the fact that there wasn't full disclosure as required by 23 Pa.C.S. § 3106 and therefore, the 10/21/22 mutual

_____

that the issue concerning the denial of modification and denial of contempt would go to the panel.

Also on February 24, 2023, this Court issued a second rule to show cause inquiring whether the appeals were duplicative. Husband responded, explaining that both appeals made the same arguments; however, the appeal at 312 EDA 2023 is regarding alimony, whereas the appeal at 328 EDA 2023 concerned the docket related to child support. We further note that Husband filed the contempt petitions at each underlying docket. This Court subsequently discharged the rule, reiterating that the order denying reconsideration was not appealable.

agreement was a "contract" that was entered into without full disclosure, rendering the 10/21/2022 Order as not enforceable because in the state of Pennsylvania, crafting an effective family law agreement–whether it is a prenup, settlement agreement or otherwise–requires full and fair disclosure.

5. Did the trial court err by admitting evidence for which the exhibits were objected to, and the objection included the specific grounds in compliance with 225 Pa.Code § 103?

6. Did the trial court err by finding that expense reimbursements made to Husband by the [F]oundation was income for support purposes?

7. Did the trial court err by not finding Wife in contempt for not disclosing all sources of income?

(Husband's Brief at 6-9) (emphasis omitted).

Husband's first three issues challenge the court's denial of his petition to modify the child support and alimony orders to include the approximately $230,000 profit from the sale of Wife's residence as Wife's income for purposes of calculating Husband's support and alimony obligations. Husband insists that income gains derived from property sales should be included in the net income calculations related to both child support and alimony. Husband avers that the trial court erred when it found that Wife sold the house at a loss instead of a gain and incorrectly considered tax guidelines concerning a gain or loss calculation for a primary residence. Husband maintains that the trial court should not have factored into its calculations the facts that Wife paid off a mortgage and purchased a new house with the proceeds of the sale. Rather, Husband insists that the court ought to have simply considered the

gain derived from the sales price of the house less the original cost of the house. Husband concludes that the court erred in its calculation of any gain or loss concerning Wife's sale of the residence and by denying his petition to modify the child support and alimony orders. We disagree.

We review the denial of a petition to modify or terminate alimony for an abuse of discretion.

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court. An abuse of discretion is more than an error in judgment; it occurs if the judgment is manifestly unreasonable or is the result of prejudice, bias or ill-will.

***Willoughby v. Willoughby***, 862 A.2d 654, 656 (Pa.Super. 2004) (citations and internal quotation marks omitted).

Additionally, "[w]hen evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order." ***Krebs v. Krebs***, 944 A.2d 768, 772 (Pa.Super. 2008) (citation omitted).

> The starting point for calculation of a parent's child support obligation is a determination of each party's income available for support. [***D.H. v. R.H.***, 900 A.2d 922, 931 (Pa.Super. 2006).] "The assessment of the full measure of a parent's income for the purposes of child support requires 'courts to determine ability to pay from all financial

- 7 -

resources.'" *Id.* at 930 (quoting *Darby v. Darby*, [686 A.2d 1346, 1348 (Pa.Super. 1996)]). Thus, "[w]hen determining income available for child support, the court must consider all forms of income." *Arbet v. Arbet*, 863 A.2d 34, 40 (Pa.Super. 2004) (quoting *MacKinley v. Messerschmidt*, 814 A.2d 680, 681 (Pa.Super. 2002)). The term "income" is defined specifically as:

> "**Income.**" Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

> 23 Pa.C.S.[A.] § 4302.

*Mencer v. Ruch*, 928 A.2d 294, 297-98 (Pa.Super. 2007). We also note that Pa.R.C.P. 1910.16–2(a)(2), which references the definition of income in the Domestic Relations Code, provides that "income" includes, but is not limited to "net income from business or dealings in property[.]" Pa.R.C.P. 1910.16–2(a)(2). Finally, this Court has held that "the definitions contained in the Code and in the Guidelines contain references only to 'net gains' from dealings in property, [and] do not include the sale of a party's residence." *K.J.P. v.*

***R.A.P.***, 68 A.3d 974, 980 (Pa.Super. 2013).

Instantly, the trial court explained:

> Wife testified that she sold the marital home since she could no longer afford to keep it and she therefore needed to find a less expensive home in which to reside. Wife admitted that she sold the Sienna Circle property for the gross price of $910,000.00. However, that property was subject to a mortgage that pre-existed the parties' divorce. That mortgage had a balance due at settlement of $348,230.00. (N.T. Hearing, 12/23/22, at 97). Wife also incurred costs related to the sale of the property. Most importantly, Wife purchased a replacement home for $617,000.00. (N.T. Hearing, 1/23/23, at 53). The bottom line is that Wife did not realize any gain from the overall transaction thus there was no income to report and neither the support order nor the alimony order should be modified.

(Trial Court Opinion at 14-15) (record citation formatting provided; unnecessary capitalization omitted).

The record supports the court's analysis. Wife was awarded possession of the primary residence as part of the equitable distribution of marital assets when the parties were divorced. The court credited Wife's testimony/evidence that she used the proceeds from the sale to pay off the existing mortgage and to purchase a new primary residence, because Wife could no longer afford to live in the marital residence. Once Wife paid off the mortgage and purchased a new home, Wife was not left with any "net gain" resulting from the sale.[3] Furthermore, the sale of Wife's residence did not constitute a "dealing in

_____

[3] Because the sale resulted in a loss rather than a gain, and no modification of alimony or child support was necessary, we need not address Husband's claim that the modification should have been applied retroactively.

property" for purposes of calculating a child support payment. *See K.J.P., supra* at 980 (explaining "the definitions contained in the Code and in the Guidelines contain references only to 'net gains' from dealings in property, do not include the sale of a party's residence, and only allow an offset against gains from dealings in property, not an offset against any other source of income"). On this record, we cannot say the court abused its discretion in denying Husband's petitions to modify the child support and alimony awards on the grounds alleged. *See Krebs, supra*; *Willoughby, supra*. Thus, Husband's first three issues lack merit.

In his fourth issue, Husband claims that the trial court erred when it failed to vacate the October 21, 2022 agreed upon support order. Nevertheless, Husband's challenge concerning the October 21, 2022 order is the subject of a different appeal before this Court at No. 896 EDA 2023, wherein Husband raised this same issue. Accordingly, we address Husband's issue in our disposition of Husband's appeal pending at No. 896 No. 2023.

In his fifth issue, Husband argues that the trial court erred when it considered several exhibits that Wife submitted during the hearing. Specifically, he claims that the trial court erred when it admitted W-1—a blog posting from a divorce attorney discussing a California case dealing with whether income from capital gains remains income if the funds are reinvested. Husband contends that because the article concerns a California case it was irrelevant to the court's present determination. Husband also insists that the

court erred when it admitted W-2—a blog post about how capital gains and losses affect child support obligations under the Federal Child Support Guidelines. Husband claims that this article was also irrelevant because it did not concern Pennsylvania law. Finally, Husband maintains that the court erred in admitting W-3—a blog post from a divorce mediation company, based out of California, discussing the federal tax rules regarding the $250,000.00 capital gain exclusion for sale of a primary residence. Husband concludes that the court referenced these erroneously admitted exhibits in its justification for finding that Wife sold the primary residence at a loss, and this Court must grant relief. We disagree.

Our standard review of a trial court's evidentiary ruling is well settled. "The issue for an appellant, when challenging a trial court's evidentiary ruling, is not…whether the trial court committed an 'error.' Instead, the proper framing of the appellate issue is whether the trial court committed an abuse of discretion." *Hutchinson v. Verstraeten*, 304 A.3d 1268, 1271 (Pa.Super. 2023). "An appellate court cannot find an abuse of discretion merely for an error of judgment, unless, in reaching a conclusion, the trial court overrides or misapplies the law; or its judgment is manifestly unreasonable; or the evidence of record shows that the court's judgment exercised is manifestly unreasonable or lacking in reason." *Id.* at 1273 (citation omitted). "The question of whether evidence is admissible is a determination that rests within the sound discretion of the trial court and will not be reversed on appeal absent

a showing that the court clearly abused its discretion." ***Moroney v. Gen. Motors Corp.***, 850 A.2d 629, 632 (Pa.Super. 2004), *appeal denied*, 580 Pa. 714, 862 A.2d 1256 (2004).

"Under the Rules of Evidence, courts of common pleas enjoy broad discretion to determine whether evidence is relevant[.]" ***Hutchinson, supra*** at 1274 (citing Pa.R.E. 401 and Pa.R.E. 403). Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401.

Here, the trial court considered Wife's exhibits in its determination of whether Wife was in contempt for failing to disclose the sale of the 35 Sienna Circle property. In its opinion, the court explained that the exhibits were evidence of Wife's research into what she was required to report as income and therefore relevant to proving Wife's good faith effort to report her income as required. (***See*** Trial Court Opinion at 16) (noting Wife's research in attempt to become "'more diligent' with the financial issues").

We agree with the court's analysis that the exhibits were relevant to whether Wife had made a good faith effort to comply with the support order. The exhibits demonstrated the research and effort that Wife put forth to determine whether the house sold at a gain or a loss. As such, the exhibits were relevant to the court's determination of whether Wife was in contempt. ***See*** Pa.R.E. 401. ***See also*** 23 Pa.C.S.A. § 4345(a) (stating person who

**willfully** fails to comply with any order under this chapter may be adjudged in contempt). Therefore, we conclude that the trial court did not abuse its discretion when it admitted the challenged exhibits, and Husband's fifth issue merits no relief. *See Hutchinson, supra*.

In his sixth issue, Husband contends that the trial court erred when it considered funds that he received as a settlement from his lawsuit against the Curing Retinal Blindness Foundation as income, rather than as expense reimbursements. Husband claims that "[e]xpense reimbursements are not income and therefore should not be included as income for support purposes." (Husband's Brief at 64). Husband concludes the court erred in classifying these funds as income, and this Court must grant relief. We disagree.

Preliminarily, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942-43 (Pa.Super. 2006) (citation omitted).

> "The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." *Estate of Lakatosh*, [656 A.2d 1378, 1381 (Pa.Super. 1995)]. "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 665 (Pa.Super. 2005). Failure to cite relevant legal authority constitutes waiver of the claim on appeal. *Eichman v. McKeon*, 824 A.2d 305 (Pa.Super. 2003), *appeal denied*, 576 Pa. 712, 839 A.2d 352 (2003).

*In re Est. of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012), *appeal denied*,

620 Pa. 724, 69 A.3d 603 (2013) (concluding that failure to cite legal authority to support single-paragraph issue waived issue for purposes of review).

Instantly, Husband's sixth issue spans only three sentences and he cites no relevant legal authority to support his claim. (*See* Husband's Brief at 64-65). *See also* Pa.R.A.P. 2119(a) (regarding requirements of argument section). As this issue is woefully undeveloped, Husband has waived this claim on appeal. *See Branch, supra*. *See also Est. of Whitley, supra*.

In his seventh and final issue, Husband alleges that the trial court erred when it did not find Wife in contempt for failing to disclose all sources of income. Husband again maintains that Wife withheld income and the court erred by failing to hold her in contempt, and this Court must grant relief. We disagree.

Preliminarily, Husband failed to cite to the record or to pertinent legal authority in support of this argument. Thus, his seventh issue is waived. *See Branch, supra*. *See also Est. of Whitley, supra*.

Moreover, even if Appellant had preserved this claim, he would not be entitled to relief. "In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt." *Flannery v. Iberti*, 763 A.2d 927, 929 (Pa.Super. 2000) (citations omitted).

Instantly, the trial court explained its determination that Wife was not

in contempt as follows:

> We heard from Wife under oath that she was unaware of having to report [the 2021 sale of the 35 Sienna Circle property] because it came in as a loss because she "invest[ed]" the proceeds for another house. (N.T. Hearing, 12/23/22, at 9, 13). Likewise, Wife testified that the housing transactions were not required to be reported on her 2021 tax returns.
>
> \* \* \*
>
> During Wife's testimony, Wife presented evidence from case law, a legal documentation, and Internal Revenue Service rules, that establishes the basis for why she was not required to report [the 2021 sale of the 35 Sienna Circle property. (N.T. Hearing, 1/23/23, at 50-57).] Wife further testified that she became "more diligent" with the financial issues, and she communicated with Husband about having Husband appropriately disclose his financial information as required. (**Id.** at 57-66). Wife's diligence was further revealed during her cross-examination when she responded that she was "not an expert" with the financial issues and that she engaged in research and collaboration with "an attorney and an accountant" to determine whether she had to report her property sale. (**Id.** at 67-69).
>
> Following the Pennsylvania Supreme Court and Pennsylvania Superior Court's standard of review for a contempt petition, we use our familiarity with the witnesses from both parties, our record, and presented evidence, to determine that Wife's "testimony is credible" and that it is clear to us that Wife did a good-faith effort to report her income as required and did not willfully disobey court orders… Therefore, even if the real estate transactions had resulted in a realized gain, we find that Wife was not in contempt of court.

(Trial Court Opinion at 15-16) (record citation formatting provided).

Upon review, we discern no abuse of discretion concerning the court's ruling that Wife was not in contempt. **See** 23 Pa.C.S.A. § 4345(a). **See also**

***Flannery, supra***. Thus, even if not waived, Husband would not be entitled to relief on this issue. Accordingly, we affirm the orders denying Husband's petition to modify child support, to modify alimony, and to find Wife in contempt.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024